

**FILED**

NOV 2 6 2014

CLER

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EUGENE CONDON,<br>and ROBERT MCLANE,<br><br>Defendants. | 3:14-CR-30083-01-02-RAL<br><br><br>OPINION AND ORDER GRANTING<br>MOTIONS TO SEVER |

The Government indicted Defendants Eugene Condon and Robert McLane together on charges of possession and sale of a stolen firearm. Doc. 46. Both Condon and McLane filed motions to sever, which this Court now grants.

## I.    Indictment and Facts Surrounding Indictment

The charge against Eugene Condon, contained in Count I of the superseding indictment, alleges that, on or about October 9, 2013, at Eagle Butte, Condon knowingly and unlawfully received, possessed, sold and disposed of a stolen firearm that had been shipped and transported in interstate commerce in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The stolen firearm that Condon allegedly possessed and sold was a Remington Model 7400 30-06 caliber rifle. Doc. 46.

The charge against Robert McLane, contained in Count II of the superseding indictment, alleges that, on or about between October 9 and October 18, 2013, at Eagle Butte and elsewhere, McLane knowingly and unlawfully received, possessed, sold and disposed of two stolen firearms that had been shipped and transported in interstate commerce. The firearms that McLane

1

allegedly possessed and sold were a Benelli .270 caliber rifle and a Beretta 12-gauge shotgun. McLane likewise is alleged to have violated 18 U.S.C. §§ 922(j) and 924(a)(2). Doc. 46. The superseding indictment does not charge either Condon or McLane with conspiracy or aiding and abetting one another and does not suggest how the alleged crimes are connected, other than occurring in the same town during the same time frame.

Condon filed a motion for severance of trial, Doc. 56, on October 29, 2014, together with a support memorandum, Doc. 57. On November 3, 2014, McLane filed a nearly identical motion for severance of trial, Doc. 59, with a substantially similar memorandum in support thereof, Doc. 60. Condon provided additional facts, explaining that he is alleged to have been involved in brokering the sale of a firearm from some juveniles to an individual named Jerry Taylor, and that he had nothing to do with McLane. Condon asserts that the "sole nexus between these two individuals [McLane and Condon] is that they dealt with the same juveniles in the juveniles' attempts to liquidate these firearms." Doc. 57 at 2. McLane's memorandum contains the same language quoted above. Doc. 60 at 2.

The Government responded in opposition to the motions for severance of trial. Doc. 61. The Government's response proffered additional facts that the Government intends to prove. According to the Government, on October 9, 2013, three juveniles—A.M., S.D., and N.B.— broke into the Eagle Butte home of Larry Keller and stole four firearms from his residence. Doc. 61 at 1. The three juveniles allegedly enlisted the help of a fourth juvenile—R.B.—and Condon to sell the 30-06 caliber rifle to Jerry Taylor. Doc. 61 at 1. McLane allegedly possessed and attempted to sell some of the remaining firearms for the juveniles. Thus, the Government has the same witnesses—the robbery victim Larry Keller and the juveniles A.M., S.D., and N.B.— against Condon and McLane, although presumably Jerry Taylor and other witnesses might

2

testify strictly about Condon or McLane. There appears to be no evidence that Condon and McLane aided and abetted each other in their alleged handling of the various firearms.

## II.   Discussion

### A. Rule 8(b) Issue

Rule 8 of the Federal Rules of Criminal Procedure governs joinder of offenses or defendants. Condon and McLane are each charged with a separate count of possession and sale of a stolen firearm and seek to sever the two counts for separate and individual trials of each Defendant. Thus, Rule 8(b) concerning joinder of defendants controls. Rule 8(b) states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

The Supreme Court of the United States has adopted a broad approach favoring joinder of defendants under Rule 8(b). Zafiro v. United States, 506 U.S. 534 (1993). In Zafiro, the Supreme Court, in upholding a joint trial of defendants, stated:

> There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." Richardson v. Marsh, 481 U.S. 200, 209 (1987). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. at 210. For these reasons, we repeatedly have approved of joint trials.

Id. at 537. Zafiro, however, involved a drug conspiracy case, albeit one where the defendants were contending their defenses were mutually antagonistic; Zafiro did not involve a case, such as this one, where there is a common core of facts but no allegation of a conspiracy or aiding and abetting among the defendants.

3

The Government argues that joinder of the counts against Condon and McLane is proper because they engaged in the "same series of acts or transactions" under Rule 8(b). Fed. R. Crim. P. 8(b). There appears to be surprisingly little clarity in what is meant in Rule 8(b) by the "same series of acts or transactions" language. In some cases, that determination is an easy one, such as where defendants are alleged to have aided and abetted one another or engaged in a conspiracy. However, in other cases, such as this one, where there is no allegation of a conspiracy or aiding and abetting, the decision becomes much more difficult as to whether defendants allegedly "have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." See id. "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Mann, 701 F.3d 274, 289 (8th Cir. 2012) (quoting United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998)), cert. denied, 134 S. Ct. 470 (2013). The "mere similarity of offenses committed by two or more individuals is not a sufficient predicate for joinder." United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir. 1982); see also 1A The Late Charles Alan Wright et al., Federal Practice and Procedure § 144 (4th ed. 2014) ("[W]here one defendant is charged with a certain offense and a second defendant is alleged to have committed a similar offense, but there is no allegation that the two offenses arose from the acts or transactions in which both defendants participated, joinder is not permitted.").

There also is an absence of harmony in appellate court decisions on whether courts may consider information beyond the indictment in determining whether joinder of defendants is proper under Rule 8(b). Indeed, the circuit courts take several different approaches to this issue.

The Seventh Circuit, at least in name if not always in practice, applies the indictment only rule, which requires courts to determine the propriety of joinder from the face of the

indictment alone. See United States v. Todosijevic, 161 F.3d 479, 484 (7th Cir. 1998) ("Rule 8(b) . . . requires examination of joinder from the perspective of the allegations contained in the indictment and not the evidence adduced at trial . . . ."); United States v. Marzano, 160 F.3d 399, 401 (7th Cir. 1998) ("The test set forth in . . . [R]ule [8(b)] is whether the indictment 'alleges' that the defendants 'participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.' Notice the reference to allegation; the test is what the indictment charges, not what the evidence shows."). District courts within the Seventh Circuit have interpreted Seventh Circuit precedent as precluding them from considering pretrial proffers from the parties that support or undermine joinder. See United States v. Harris, No. 11-CR-259, 2012 WL 966196, at *1 (E.D. Wis. Mar. 21, 2012) (granting the defendant's motion to sever and explaining that "in the Seventh Circuit, a court determining whether joinder is proper under Rule 8(b) is limited to the four corners of the indictment"); United States v. Caputo, No. 85 CR 451, 1985 WL 5169, at *3 (N.D. Ill. Dec. 26, 1985) (rejecting defendants' argument that government's evidence was insufficient to satisfy Rule 8(b) because "the test for misjoinder is what the indictment charges" (quoting United States v. Velasquez, 772 F.2d 1348, 1354 (7th Cir. 1985))); see also United States v. Lakin, No. 07-cr-30068-JPG, 2007 WL 3231522, at *2 (S.D. Ill. Oct. 31, 2007) (applying indictment only standard in Rule 8(a) case and declining to consider government's pretrial evidence that the charges were connected).

Like the Seventh Circuit, the Second Circuit refuses to consider evidence adduced at trial when a defendant makes an after-the-fact challenge to joinder under Rule 8(b). United States v. Rittweger, 524 F.3d 171, 178 (2d Cir. 2008) (Sotomayor, J.) ("Under the plain language of Rule 8(b), the decision to join parties turns on what is 'alleged' in the 'indictment.' Fed. R. Crim. P. 8(b). Events that transpire at trial are thus not relevant to the Rule 8(b) inquiry."). Although it

5

has yet to decide this issue definitively, the Second Circuit has cautioned that "the plain language of Rule 8(b) does not appear to allow for consideration of pre-trial representations not contained in the indictment." Id. at 178 n.3.

At least three other circuits interpret Rule 8(b) differently than the Second Circuit. In the Eleventh Circuit, the indictment only rule applies when a defendant makes an after-the-fact challenge to joinder based on the evidence adduced at trial. United States v. Dominguez, 226 F.3d 1235, 1240–42, 1241 n.7 (11th Cir. 2000). When the government makes a pretrial proffer to show a connection between charges or defendants, however, the Eleventh Circuit allows district courts to consider this evidence. Id. at 1241 (explaining that the Eleventh Circuit's indictment only rule is inapplicable "to situations when the evidence proffered by the government before trial or adduced during trial shows that initial joinder was *proper* even though the indictment may not have explicitly stated the connection between the charges").[1] The Third Circuit treats Rule 8(b) in a similar fashion, looking to the face of the indictment rather than the evidence adduced later at trial but allowing courts to consider pretrial documents that "clarify the factual connections between the counts." United States v. Heilman, 377 F. App'x 157, 202 (3d Cir. 2010); see also United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003) ("Our inquiry into

---

[1]Dominguez dealt with the joinder of offenses under Rule 8(a), but explained in a footnote that the governing principles of Rule 8(a) and (b) were the same for purposes of the court's discussion. 226 F.3d at 1239 n.4; see also id. at 1241 ("It is enough that when faced with a Rule 8 Motion, the prosecutor proffers evidence which will show the connection between the charges." (citing United States v. Halliman, 923 F.2d 873 (D.C. Cir. 1991))). District courts within the Eleventh Circuit have applied Dominguez in cases governed by Rule 8(b). United States v. Heard, No. 1:12-cr-40 (WLS), 2013 WL 1966299, at *5 (M.D. Ga. May 10, 2013) (citing Dominguez in Rule 8(b) case and stating that the "Government may proffer evidence to show that joinder is proper" if the indictment fails to show the requisite connection); United States v. Bell, No. 1:12-CR-00199-JEC-JFK, 2012 WL 6568437, at *3 (N.D. Ga. Oct. 30, 2012) ("The government may demonstrate that joinder of defendants is proper by either relying on the indictment and/or by making a proffer of evidence that satisfies Rule 8(b)." (citing Dominguez, 226 F.3d at 1241)), adopted by No. 1:12-cr-199-JEC-JFK, 2012 WL 6568551 (N.D. Ga. Dec. 17, 2012).

whether offenses or defendants were properly joined focuses upon the indictment, not upon the proof that was subsequently produced at trial." (citing United States v. McGill, 964 F.2d 222, 241 (3d Cir. 1992))); McGill, 964 F.2d at 242 ("Trial judges may look beyond the face of the indictment to determine proper joinder in limited circumstances. Where representations made in pretrial documents other than the indictment clarify factual connections between the counts, reference to those documents is permitted."). The same is true in the Court of Appeals for the District of Columbia. The Court of Appeals for the District of Columbia has explained that "trial evidence cannot render joinder [under Rule 8(b)] impermissible and is thus irrelevant to our inquiry," United States v. Moore, 651 F.3d 30, 69 (D.C. Cir. 2011) (per curiam), but allows district courts deciding Rule 8(b) motions to "consult the indictment as well as any other pretrial evidence offered by the government," United States v. Wilson, 26 F.3d 142, 153 (D.C. Cir. 1994).[2]

Whether courts may look outside the indictment when considering a Rule 8(b) motion equally divided the Eighth Circuit in 1988. See United States v. Grey Bear, 863 F.2d 572 (8th Cir. 1988) (en banc) (per curiam). Before its en banc decision in Grey Bear, the Eighth Circuit had stated that "it is a well settled rule in this circuit that the propriety of joinder must appear on

---

[2] It is not entirely clear where other circuits stand on whether district courts may consider information beyond the indictment when deciding a Rule 8(b) motion. For instance, the Fourth Circuit appears not to have decided whether district courts can consider a pretrial proffer from the government when deciding a Rule 8(b) motion. Cf. United States v. Cardwell, 433 F.3d 378, 385 n.1 (4th Cir. 2005) (stating that the court need not decide whether district courts can consider pretrial proffers from the government in ruling on a Rule 8(a) motion). The Fourth Circuit has determined, however, that compliance with Rule 8 is determined by "looking to the allegations in the indictment and the evidence produced at trial." Id. at 385 (applying Rule 8(a)); United States v. Chramek, 331 F.2d 380, 382 (4th Cir. 1964) (applying Rule 8(b)). The Sixth Circuit    stated that it looks "to the allegations in the indictment to determine whether joinder was proper" but acknowledged that it has, "at other times, . . . also considered the government's proofs when assessing the propriety of joinder." United States v. Lewis, 363 F. App'x  382, 390 (6th Cir. 2010).

the face of the indictment." Bledsoe, 674 F.2d at 655 (citing United States v. Sanders, 563 F.2d

379, 382 (8th Cir. 1977) (stating that the determination of whether joinder is proper under Rule

8(b) "is usually made on the basis of the indictment alone"); Chubet v. United States, 414 F.2d

1018, 1020 (8th Cir. 1969)); see also United States v. Andrade, 788 F.2d 521, 529 (8th Cir.

1986) ("Generally, the propriety of the joinder must appear on the face of the indictment.").

Relying on Bledsoe and Andrade, the Eighth Circuit panel in the Grey Bear case applied the

indictment only rule to find that the defendants had been improperly joined.   United States v.

Grey Bear, 828 F.2d 1286, 1298–99 (8th Cir. 1987), vacated in part en banc per curiam, 863 F.2d

572 (8th Cir. 1988).

    The Eighth Circuit granted rehearing en banc and, in a five-to-five decision, vacated the

panel's opinion that joinder was improper. Grey Bear, 863 F.2d at 573. Judge Gibson, writing

for the judges who found that joinder was proper, disagreed with Bledsoe's statement that "it is a

well-settled rule in this circuit that the propriety of joinder must appear on the face of the

indictment." Grey Bear, 863 F.2d at 583 (quoting Bledsoe, 674 F.2d at 655). Judge Gibson

stated that Sanders, 563 F.2d 379—the primary authority upon which Bledsoe relied when

stating the indictment only rule—actually left "open the possibility" that the government could

demonstrate the propriety of joinder by submitting pretrial evidence beyond the indictment.

Grey Bear, 863 F.2d at 583. Judge Gibson concluded that Andrade reinforced this interpretation

in stating that "[g]enerally, the propriety of the joinder must appear on the face of the

indictment." Grey Bear, 863 F.2d at 583 (alteration in original) (quoting Andrade, 788 F.2d at

529). Then-Chief Judge Lay wrote for the judges who found that joinder was improper.  He

stated that Andrade could not overrule Bledsoe and that Bledsoe was not in conflict with earlier

Eighth Circuit decisions simply because these decisions stated that misjoinder was "usually" or

"generally" decided "on the face of the indictment alone." Grey Bear, 863 F.2d at 573–74 (internal quotation marks omitted). Because Grey Bear was decided by an equally divided en banc court, it has no precedential value. Id. at 573.

The Eighth Circuit's most recent statement on the indictment only rule came in Wadena, in which the Eighth Circuit stated that "[a]n indictment must reveal on its face a proper basis for joinder."[3] 152 F.3d at 848 (citing Bledsoe, 674 F.2d at 655). There is no indication in Bledsoe, Grey Bear, or Wadena that the Eighth Circuit applies the indictment only rule to after-the-fact challenges to joinder but not to the government's pretrial proffer to show that joinder is proper. Thus, district courts within the Eighth Circuit have viewed Eighth Circuit law as precluding consideration of facts outside of the indictment when ruling on a Rule 8 motion. See United States v. Young, No. CR 14-30065-RAL, 2014 WL 4925255, at *2 (D.S.D. Sept. 30, 2014); United States v. Recker, No. 12-CR-2027-LRR, 2013 WL 785643, at *3 (N.D. Iowa Mar 1, 2013) ("When determining whether joinder is proper under Rule 8, the court looks only to the allegations contained in the indictment."); United States v. Patzer, No. CR 07-30100-KES, 2008 WL 4533638, at *4 (D.S.D. Oct. 2, 2008) (declining to consider extra-indictment facts offered by the government in resistance to a Rule 8(b) motion and stating that "[t]he law of this circuit . . . is that motions to sever pursuant to Fed. R. Crim. P. 8(b) should be evaluated on the face of the indictment alone"); United States v. Sandstrom, No. 05-00344-02-CR-W-ODS, 2006 WL 1128802, at *2 (W.D. Mo. Apr. 27, 2006) ("In the Eighth Circuit, the current rule of law is that whether joinder is proper must be determined from the face of the indictment.").

---

[3]The panel in Wadena was divided on this statement. 152 F.3d at 857 n.34 (Beam, J., concurring and, in part, dissenting). Judge Beam noted that the indictment only issue had equally divided the Eighth Circuit in Grey Bear and stated that he disagreed with the Wadena majority's "unnecessary citation to Bledsoe." Id.

9

This case presents an unusual circumstance for applying Rule 8(b), as both Defendants and the Government have provided in briefing additional facts concerning the case and the Government's evidence. All parties acknowledge that a group of juveniles apparently stole firearms from an Eagle Butte residence and that the Government's allegations stem from Condon allegedly brokering the sale of one of those stolen firearms and McLane allegedly coming into possession of and trying to sell two of the other stolen firearms, but without Condon and McLane otherwise having anything to do with one another. Nevertheless, this Court feels compelled under the Eighth Circuit precedent of Wadena to rely only on the superseding indictment in determining whether Condon and McLane "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b); Wadena, 152 F.3d at 848.

The superseding indictment charges both Condon and McLane with the same offense—possession and sale of a stolen firearm under 18 U.S.C. §§ 922(j) and 924(a)(2)—but for involvement with separate firearms. The superseding indictment charges Condon and McLane with perpetrating at least part of the offenses in the same place—Eagle Butte—and in the same time frame—on or about October 9, 2013 or on or about between October 9 and 18, 2013. Doc. 46. Condon and McLane are charged in separate counts, but that makes no difference under Rule 8(b). Fed. R. Crim. P. 8(b); United States v. Morris, 723 F.3d 934, 941 (8th Cir. 2013). Condon and McLane are not charged with aiding and abetting one another or being in a conspiracy, although Rule 8(b) does not necessarily require such charges for joinder. From the language of the superseding indictment itself, one might infer, that the charged offenses possibly are related given the same time frame, location, and similarity of charge, but would be left with substantial uncertainty in that regard. Although there is a "preference in the federal system for

10

joint trials of defendants who are indicted together," Zafiro, 506 U.S. at 537, "mere similarity of offenses committed by two or more individuals is not a sufficient predicate for joinder," Bledsoe, 674 F.2d at 656.

If this Court were applying the law of some other circuit, this result might well be different.   Indeed, with counts of indictments typically being terse and with parties frequently providing additional facts for arguments about prejudicial joinder under Rule 14(a), there is good reason for a court to look at what the government and defendants jointly recognize to be the circumstances of the broader allegations to gauge whether there is "substantial identity of facts or participants" sufficient to satisfy Rule 8(b) under circumstances such as these.  See United States v. Feyrer, 333 F.3d 110, 114 (2d Cir. 2003) (allowing for joinder of defendants when the alleged acts are "unified by some substantial identity of facts or participants"); Wright et al., supra, § 144.  Nevertheless, applying Eighth Circuit precedent, the superseding indictment here is not sufficient to allege that Condon and McLane participated "in the same series of acts or transactions, constituting an offense or offenses" under Rule 8(b) of the Federal Rules of Criminal Procedure.

### B.  Rule 14(a) Issue

Condon and McLane both invoke Rule 14(a) of the Federal Rules of Criminal Procedure to justify severance of the counts against them.  Rule 8(b) does not allow joinder based on the allegations of the superseding indictment in its present form.  Thus, this Court could avoid this issue altogether.  However, in case the Government chooses to reindict the case in a way that might satisfy joinder under Rule 8(b), this Court briefly will address the Rule 14(a) arguments.

Rule 14(a) states:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a

11

> defendant or the government, the court may order separate trials of
> counts, sever the defendants' trials, or provide any other relief that
> justice requires.

Fed. R. Crim. P. 14(a). Rule 14(b) allows the court, before ruling on a motion to sever, to order

the government to deliver to the court for in camera inspection any statements of defendants to

be used at trial, to assist in determining whether the defendants may receive a fair trial jointly.

There is no indication of any codefendant confession issue under Bruton v. United States, 391

U.S. 123 (1968). Indeed, the Defendants do not appear to have antagonistic defenses or any

confession that implicates the other Defendant; they claim to have no connection to the others'

conduct at all.

Generally, a defendant must show an irreconcilable defense with that of a codefendant to

justify severance under Rule 14(a). United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir.

1996); United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993). As the Supreme Court

recognized in Zafiro, "defendants are not entitled to severance merely because they may have a

better chance of acquittal in separate trials." 506 U.S. at 540. Rather, a district court is to grant

severance "only if there is a serious risk that a joint trial would compromise a specific trial right

of one of the defendants, or prevent the jury from making a reliable judgment about guilt or

innocence." Id. at 539. In Zafiro, the Supreme Court gave some illustrations of instances that

may merit severance. Id. None of those situations exist here.

Condon's argument for prejudice essentially is that his relatively straightforward

defense—simply putting the juveniles in contact with Taylor and not selling or possessing the

rifle himself—is impacted and prejudiced if evidence about McLane's conduct comes in.

According to Condon, McLane, acting completely separately from Condon and without

coordination, attempted to sell another firearm or firearms stolen by the same juveniles on four

occasions. Doc. 57 at 5. It would seem to benefit rather than to prejudice Condon to juxtapose what he contends to be the lack of evidence against him against a stronger case that the Government allegedly has against McLane.

McLane's argument for prejudice, meanwhile, is hard to track. McLane invokes Bruton, even though there is no indication that this is a Bruton type of case. McLane ultimately concedes that he "has no idea what alleged bad acts of Condon's will prejudice him." Doc. 60 at 6. Neither Condon nor McLane could justify severance under Rule 14(a), but joinder is improper under Rule 8(b) based on the language of the superseding indictment.

### III.    Conclusion

For the reasons explained above, it is hereby

ORDERED that the motions to sever, Doc. 56 and Doc. 59, are granted. It is further

ORDERED that Condon's trial will be first and McLane's trial second during the same week to allow for the maximum efficiency in handling witnesses subpoenaed about the juveniles' apparent theft of firearms.

DATED this 26ᵗʰ day of November, 2014.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE